# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-00109 MMM (FFMx) | Date | January 17, 2012 |
| Title | *Federal National Mortgage Association v. Veleda E. Brooks* | | |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| | |
|---|---|
| ANEL HUERTA | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order to Show Cause Why Action Should Not Be Remanded For Lack of Federal Question**

## I.  BACKGROUND

On August 4, 2011, plaintiffs filed this complaint for an unlawful detainer.[1] The complaint alleges that plaintiff, Federal National Mortgage Association, is entitled to possession of a parcel of real property located at 5840 Haas Avenue, Los Angeles, CA 90047, after purchasing the property following a foreclosure sale pursuant to a deed of trust executed by defendant.

Defendant Veleda E. Brooks is currently in possession of the premises, and is the former trustor.  She allegedly defaulted under the terms of the deed of trust that secured the property, and a trustee's sale was subsequently held.[2] The complaint prays for restitution of the property, as well as damages in an amount to be determined at trial.

The defendant removed this action, invoking the court's federal question jurisdiction. Defendant contends that federal question is invoked because she filed a demurrer to the Complaint

---

[1] Notice of Removal ("Removal"), Docket No. 1 (Jan. 5, 2012), Exh. A ("Complaint").

[2] Complaint, ¶ 5.

for failure to comply with 12 U.S.C. §5220, the Protecting Tenants at Foreclosure Act.[3]

## II. DISCUSSION

### A. Federal Question Jurisdiction

Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States" (emphasis added). Federal question jurisdiction is presumed absent unless defendants, as the party seeking to invoke this court's jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936), show that plaintiffs have either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

The question of whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, *supra*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the question for removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes the plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, *supra*, 482 U.S. at 392. Thus, where the plaintiff could maintain claims under both federal and state law, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd., supra,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question

---

[3]Removal, ¶ 8.

jurisdiction." *Merrell Dow, supra*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, supra*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor, supra*, 481 U.S. at 63; *Gully, supra*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd., supra*, 463 U.S. at 14.

Here, the complaint pleads no federal question on its face. While defendant contends that 12 U.S.C. §5220 applies to this case, it is not clear from the complaint or the notice of removal how the plaintiffs' alleged violation of 12 U.S.C. §5220 constitutes an essential element of plaintiffs' claim. Insofar as defendant asserts 12 U.S.C. §5220 violations as an affirmative defense, as noted above, a federal defense to a state law cause of action does not provide a basis for federal question jurisdiction. Consequently, defendant has failed to meet her burden of demonstrating that federal question jurisdiction exists in this case.

### III.  CONCLUSION

In order to assure proper jurisdiction, the court orders defendant to show cause on or before **February 6, 2012**, why the court should not remand this action to Los Angeles Superior Court for lack of subject matter jurisdiction. Plaintiff may file a response by **February 13, 2012.**