JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00109 MMM (FFM) | Date | March 7, 2012 |
|---|---|---|---|

| Title | *Federal National Mortgage Association v. Veleda E. Brooks, et al.* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW |
|---|---|

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** **Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction[5]**

## I. FACTUAL BACKGROUND

On August 4, 2011, plaintiff Federal National Mortgage Association ("Fannie Mae") filed an unlawful detainer action in Los Angeles Superior Court.[1] The complaint alleges that Fannie Mae is entitled to possession of a parcel of real property located at 5840 Haas Avenue, Los Angeles, California, 90047, because it purchased the property at a foreclosure sale conducted pursuant to a deed of trust executed by defendant Veleda E. Brooks.[2] Brooks allegedly defaulted on the note secured by the deed of trust, which resulted in a trustee's sale of the property.[3] The complaint seeks restitution of the property and costs of suit.[4] Fannie Mae alleges expressly that it seeks damages of

---

[1]Notice of Removal ("Removal"), Docket No. 1 (Jan. 5, 2012), Exh. A ("Complaint").

[2]Complaint, ¶ 7.

[3]*Id.*, ¶ 5.

[4]*Id.* at 3.

"up to $10,000."[5]

Brooks removed this action, invoking the court's federal question jurisdiction. She asserts that she filed a demurrer to the complaint arguing that there had been a failure to comply with 12 U.S.C. §5220, the Protecting Tenants at Foreclosure Act.[6] On January 17, 2012, the court issued an order to show cause why the case should not be remanded for lack of subject matter jurisdiction.[7] On January 31, 2012, Fannie Mae filed a motion to remand for lack of subject matter jurisdiction.[8] Brooks responded to the order to show cause on February 6, 2012.[9]

## II. DISCUSSION

### A. Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court can be removed. 28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

---

[5]*Id.* at 1.

[6]Removal, ¶ 9.

[7]Order to Show Cause ("OSC"), Docket No. 4 (Jan. 17, 2012).

[8]Motion to Remand ("Motion"), Docket No. 5 (Jan. 31, 2012); see also Plaintiff's Reply to Defendant Brooks' Statement Regarding Removal ("Reply"), Docket No. 7 (Feb. 13, 2012).

[9]Response to OSC ("Response"), Docket No. 6 (Feb. 6, 2012).

**B. Whether the Court Has Diversity Jurisdiction to Hear this Action**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000"). "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 1000 (9th Cir. 2007)).

It is clear from information in the record that the amount in controversy does not satisfy the jurisdictional threshold for diversity jurisdiction. Plaintiff filed this action as a limited civil action, affirmatively alleging that the amount in controversy would not exceed $10,000.[10] See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $25,000 as limited civil cases). Defendant has made no effort to rebut this allegation, and the court thus concludes that its jurisdiction to hear the matter cannot be premised on diversity. See *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, *2 (N.D. Cal. Oct. 4, 1999) (stating, in evaluating the amount in controversy, that "the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy"); see also *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional threshold], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied," citing *Gaus*, 980 F.2d at 566–67).

**C. Whether the Court Has Federal Question Jurisdiction to Hear the Action**

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

---

[10]Complaint at 1;Motion at 1.

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach,"a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

There is no federal question apparent on the face of plaintiff's complaint, which alleges only an unlawful detainer cause of action.[11] See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009)

[11]Complaint at 3.

("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists"). An unlawful detainer cause of action does not "arise under" federal law, nor does it require resolution of an essential federal law issue.

In her notice of removal, defendant contends that the court has federal question jurisdiction because plaintiff violated 12 U.S.C. §5220, the Protecting Tenants at Foreclosure Act.[12] The fact that a federal statute may give rise to a defense, however, does not provide a basis for the court to exercise federal question jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 14l; see also *Lapeen*, 2011 WL 2194117, at *5 (rejecting an unlawful detainer defendant's argument that an alleged violation of the Protecting Tenants in Foreclosure Act presented a federal question). Defendant's response to the order to show cause does not identify any additional basis for exercising federal question jurisdiction, as it asserts in conclusory fashion that the court has federal question and supplemental jurisdiction but does not state the basis for the assertion.[13]

**D. Whether Removal was Untimely**

Under 28 U.S.C. § 1446, a defendant must remove an action "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). See also *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998). See also *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) ("A notice of removal must be filed within thirty days of service of the plaintiff's complaint").

The complaint in this action was filed in Los Angeles Superior Court on August 4, 2011. Defendant's notice of removal was filed on January 5, 2012, far past the thirty day period.[14] Plaintiff

---

[12]Removal, ¶ 8.

[13]Response at 2-3 ("The complaint presents federal questions. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367[.] Plaintiff has shown (a) that jurisdiction is provided for by statute or (b) the issues raised by Defendant present substantial constitutional questions effecting the Defendant as to her rights, privileges and immunities contained within the Constitution").

[14]28 U.S.C. § 1446 states that removal must be within thirty days of service. Although it is unclear from the record when defendant was served, she filed a demurrer in state court on September 30, 2011. (Removal, Exh. B ("Demurrer").) This demonstrates that she was participating in the action and was served as of that date. Defendant does not dispute this, and the court finds that the

filed a timely motion to remand on January 31, 2012. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)").[15] The court concludes, therefore, that removal was untimely, and that this procedural defect provides an independent reason to remand the case.[16]

## III. CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. For the reasons stated, defendant has failed to carry her burden of showing that the court can exercise either diversity or federal question jurisdiction over this action. Defendant also failed to comply with the procedural requirements for removal. The clerk is therefore directed to remand this case to Los Angeles Superior Court forthwith.

---

filing of the demurrer is sufficient evidence to demonstrate that she was served some time between August 4, 2011 and September 30, 2011. Accordingly, removal was untimely.

[15]Motion at 4.

[16]While the court cannot *sua sponte* remand an action based on procedural defects in the removal, see *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1191 (9th Cir. 2003), plaintiff raised the timeliness of the removal as one of the bases for its motion to remand.